UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Action No.:

*******************************************
U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE UNDER POOLING AND
SERVICING AGREEMENT DATED AS OF
DECEMBER 1, 2006 MASTR ASSET-BACKED
SECURITIES TRUST 2006-HE5 MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2006-HE5
      Plaintiff,
v.

DAVID A. BOSCARINO, PATRICIA
BOSCARINO, DECISION ONE MORTGAGE,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS
      Defendants.
*******************************************

## VERIFIED COMPLAINT

The Plaintiff, U.S. Bank National Association as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 Mastr Asset-Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 ("U.S. Bank"), by and through its attorneys, Doonan, Graves, & Longoria L.L.C., complains of the Defendants above named, and for its cause of action respectfully alleges that:

### PARTIES

1. At all times hereinafter mentioned, U.S. Bank is a national banking association and a wholly-owned subsidiary of U.S. Bancorp, with its principal place of business 60 Livingston Avenue, St. Paul, Minnesota 55107-2292.

2. Upon information and belief, David A. Boscarino ("Mr. Boscarino") is an individual who resides at 15 Fay Martin Road, Richmond, NH 03470.

3. Upon information and belief, Patricia Boscarino ("Ms. Boscarino") is an individual who resides at 15 Fay Martin Road, Richmond, NH 03470.

4. Upon information and belief, Decision One Mortgage ("Decision One"), was a Foreign Limited Liability Company organized under the laws of North Carolina and a subsidiary of HSBC Finance Corporation, with a principal place of business at 3023 HSBC Way, Fort Mill, South Carolina 29707 and has since gone out of business.

5. Upon information and belief, Mortgage Electronic Registration Systems ("MERS") is a wholly-owned subsidiary of MERSCORP, Inc, organized under the laws of Delaware with a mailing address at 1818 Library Street, Suite 300, Reston, VA 20190.

## JURISDICTION

6. Jurisdiction rests with County of Cheshire, State of New Hampshire because that is where the property is located, and in the District Court because of diversity and the amount in controversy is over seventy-five thousand and 00/100 ($75,000.00) dollars.

## FACTS

7. On or about June 23, 2006, David A. Boscarino and Patricia Boscarino ("Mr. & Ms. Boscarinio") executed a Note and Mortgage to Mortgage Electronic Registration Systems, Inc., as nominees for First Residential Mortgage Network, Inc. in the amount of two hundred seventeen thousand eight hundred and 00/100 ($217,800.00) dollars concerning subject property at 15 Fay Martin Road, Richmond, New Hampshire. *See* Exhibit A (a true and correct copy of the Note is attached hereto and incorporated herein.)

8. The aforesaid Mortgage is recorded in the Cheshire County Registry of Deeds in Book 2358 at Page 0062, and recorded on June 29, 2006. *See* Exhibit B (a true and correct partial copy of the Mortgage is attached hereto and incorporated herein.[1])

---

[1] A full copy of the Mortgage has been requested from the Cheshire County Registry of Deeds.

9. The loan application was made through Decision One Mortgage, which was a subsidiary of HSBC.

10. On August 21, 2006, Mr. & Ms. Boscarinio executed a corrective mortgage that contained a balloon rider omitted from the Original mortgage.

11. The Corrective Mortgage states that it is a correction of the original mortgage and the book and page referenced for the original mortgage is provided.

12. The Corrective Mortgage also was granted to Mortgage Electronic Registration Systems as nominee for Surepoint.

13. The aforesaid Mortgage is recorded in the Cheshire County Registry of Deeds in Book 2379 at Page 0889, and recorded on September 12, 2006. *See* Exhibit C (a true and correct copy of the Corrective Mortgage is attached hereto and incorporated herein.)

14. On December 22, 2006, Mortgage Electronic Registration Systems filed a satisfaction of Mortgage. *See* Exhibit D (a true and correct copy of the satisfaction is attached hereto and incorporated herein.)

15. The satisfaction only references the original mortgage filed in June 2006, there is no reference to the corrective mortgage from August 2006.

16. The satisfaction was requested by Decision One, although it had no remaining interest in the loan.

17. On November 13, 2007, HomEq Servicing ("HomEq") on behalf of U.S. Bank, sent a Notice of Default to Mr. & Ms. Boscarino.

18. On January 7, 2008, Mr. & Ms. Boscarino filed a Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court for the District of New Hampshire, Case No. 08-10030-MWV.

19. In their bankruptcy schedules, Mr. & Ms. Boscarino made the claim of a $73,000.00 homestead exception in the property, which appears to be the balance due under the mortgage and their estimated value of the Property.

20. In their statement of Intention, Mr. & Ms. Boscarino stated the property will be surrendered.

21. On January 14, 2008, U.S. Bank N.A as trustee and assignee of the Mortgage filed a Motion for Relief from the Automatic Stay with the Bankruptcy Court, in order to proceed with a foreclosure sale of the property.

22. There were no objections filed by Mr. & Ms. Boscarino or any other creditor.

23. On February 8, 2008, the Trustee filed a notice stating that the Property was to be abandoned because "encumbrance plus allowable exemption exceeds fair market value."

24. In connection with the foreclosure proceedings, U.S. Bank conducted a title search and it disclosed the December 2006 Satisfaction of the original mortgage.

25. In June 2008, the Bankruptcy case was terminated.

26. The last mortgage payment received was in September 2007, the loan is currently in default.

27. In March 2011, an assignment from Mortgage Electronic Registration Systems, Inc. as nominee for First Residential Mortgage Network, Inc to U.S. Bank National Association as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 Mastr Asset-Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 was recorded on March 31, 2011, with the Cheshire Registry of Deeds at Book 2686, Page 0380.

### COUNT ONE-BREACH OF PROMISSORY NOTE

28. The Plaintiff re-alleges and incorporates by reference paragraphs one through thirty-nine.

29. Mr. and Ms. Boscarino have failed to comply with the terms of the Note and this constitutes a material breach of contract that has caused damages to the Plaintiff, as a result of its complete performance under the contract.

30. Defendants' breach is knowing, willful and is continuing.

31. As a result of the Defendants aforesaid breach of the Note, the Plaintiff has suffered damages, including but not limited to, money lent, and costs and attorneys' fees.

## COUNT TWO-QUANTUM MERUIT

32. The Plaintiff re-alleges and incorporates by reference paragraphs one through 29.

33. The Plaintiff's predecessor-in-interest loaned the Defendants two hundred seventeen thousand eight hundred and 00/100 ($217,800.00) dollars.

34. As a result of Defendants' failure to perform their obligations under the Note, the Defendants have been unjustly enriched at the expense of the Plaintiff. Thus, Plaintiff is entitled to relief under the doctrine of *quantum meruit*.

## COUNT THREE-MONEY LENT/UNJUST ENRICHMENT

35. The Plaintiff re-alleges and incorporates by reference paragraphs one through 32.

36. Defendants have failed to repay these monies pursuant to the terms of the Note.

37. As a result, the Defendants have been unjustly enriched to the detriment of the Plaintiff.

## COUNT FOUR-IMPROPER DISCHARGE OF MORTGAGE

38. The Plaintiff re-alleges and incorporates by reference paragraphs one through 35.

39. Decision One has caused the Plaintiff harm by discharging the mortgage when they no longer had any interest in the loan.

40. MERS have caused the Plaintiff harm by discharging the mortgage when Decision One no longer had any interest in the loan.

WHEREFORE, the Plaintiff demands judgment against the Defendants, for:

1. Grant an order removing the discharge of the mortgage;
2. Award such other relief as this Court deems just and proper.

U.S. Bank National Association as Trustee
under Pooling and Servicing Agreement
Dated as of December 1, 2006 Mastr Asset-
Backed Securities Trust 2006-HE5 Mortgage

Pass-Through Certificates, Series 2006-HE5
Plaintiff
by its counsel,

Date: 4/29/11

/s/Reneau Longoria
Reneau J. Longoria Esq. (BBO #16004)
DOONAN, GRAVES & LONGORIA, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

## VERIFICATION

STATE OF Florida )
COUNTY OF Orange )

SS.

I, Robert Kaltenbach, being duly sworn, state:

I am a representative of U.S. Bank National Association as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 Mastr Asset-Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____
ROBERT KALTENBACH
Senior Manager
its: _____

State of )
County of )

Subscribed and sworn to before me on 4/15/11, in City of Orlando, County of Orange, State of Florida.

_____
Notary Public
My commission expires:

MANUEL RODRIGUEZ
Comm# DD0785369
Expires 6/4/2012
Florida Notary Assn., Inc.

7